UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                          :
GOLDEN GOOSE DELUXE BRAND,    :
                                          :
                         Plaintiff,    :
                                          :
                - against –    :        19-CV-2521 (VSB) (GWG)
                                          :
AADCT OFFICIAL STORE, et al.,     :        **OPINION & ORDER**
                                          :
                         Defendants.    :
                                          :
------------------------------------------------------------X

------------------------------------------------------------X
                                          :
GOLDEN GOOSE DELUXE BRAND,    :
                                          :
                         Plaintiff,    :
                                          :        19-CV-2524 (VSB) (GWG)
                - against –    :
                                          :        **OPINION & ORDER**
ACEBRANDSHOES, et al.,                  :
                                          :
                         Defendants.    :
                                          :
------------------------------------------------------------X

Appearances:

Ashley Erin Sands
Brieanne Scully
Jason M. Drangel
Danielle S. Yamali
Epstein Drangel LLP
New York, New York
*Counsel for Plaintiff*

VERNON S. BRODERICK, United States District Judge:

       Plaintiff Golden Goose Deluxe Brand ("Golden Goose") brought these two actions against various entities that Golden Goose alleges are infringing on Golden Goose's trademarks through

sales of counterfeit goods on the internet.  Two-hundred nineteen defendants have defaulted and now Golden Goose seeks a judgment against them for statutory damages and other relief.

Plaintiff commenced this action by filing two complaints on March 21, 2019.  (Docs. 7, 9.)  With the exception of defendant-specific information, the filings in both cases are identical.  On the day it filed the complaints, Golden Goose also requested "1) a temporary restraining order; 2) an order restraining Merchant Storefronts and Defendants' Assets with the Financial Institutions; 3) an order to show cause why a preliminary injunction should not issue; 4) an order authorizing bifurcated and alternative service and 5) an order authorizing expedited discovery," which I granted on March 22, 2019.  (Doc. 20.)

On April 3 and 4, 2019, Golden Goose served defendants with the respective complaints through alternative service methods I approved in the temporary restraining order ("TRO").  (Doc. 20.)  Defendants failed to answer, and on April 16, 2019, I converted the TRO into a preliminary injunction.  (Doc. 24.)  Golden Goose filed a motion for summary judgment on June 17, 2019.  (Doc. 31.)  On October 17, 2019, I referred the motion to Magistrate Judge Gabriel W. Gorenstein for a Report and Recommendation on the dispositive motion.  (Doc. 49.)  Golden Goose subsequently withdrew its motion for summary judgment, and converted it to a motion for default judgment.  (Doc. 56.)  On October 29, 2019, I amended the order of reference and referred the case to Magistrate Judge Gorenstein for an inquest on damages after Defendants default.  (Doc. 57.)  Magistrate Judge Gorenstein filed his Report and Recommendation on June 15, 2020.  (Doc. 69.)

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1).  "To accept the report and recommendation of a magistrate, to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record."  *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985).

Here, although the Report and Recommendation provided that "the parties have fourteen (14) days (including weekends and holidays) from service of this Report and Recommendation to file any objections," (Doc. 59, at 15), no party has filed an objection, nor sought an extension of time to file an objection. I have reviewed Judge Gorenstein's thorough and well-reasoned Report and Recommendation for clear error and, after careful review, find none. I therefore adopt the Report and Recommendation in its entirety.

## **CONCLUSION**

Accordingly, it is:

ORDERED that as to the defendants in 19-cv-2521, Golden Goose Deluxe Brand's motion for default judgment is GRANTED, and judgment is entered as follows: $75,000 from each defaulting defendant, as shown in the chart attached to the Report and Recommendation, Doc. 59, for a total of $10,575,000 plus post-judgment interest pursuant to 28 U.S.C. § 1961(a).

IT IS FURTHER ORDERED that the preliminary injunction, Doc. 24, is converted to a permanent injunction, including a freeze on Defendants' assets and a transfer of those assets to Golden Goose Deluxe Brand.

IT IS FURTHER ORDERED that as to the defendants in 19-cv-2524, Golden Goose Deluxe Brand's motion for default judgment is GRANTED, and judgment is entered as follows: $75,000 for each defaulting defendant, as shown in the chart attached to the Report and Recommendation, Doc. 59, for a total of $5,850,000 plus post-judgment interest pursuant to 28 U.S.C. § 1961(a).

IT IS FURTHER ORDERED that the preliminary injunction, Doc. 23, is converted to a permanent injunction, including a freeze on Defendants' assets and a transfer of those assets to Golden Goose Deluxe Brand.

The Clerk's Office is directed to enter Judgment and terminate the case.

SO ORDERED.

Dated: October 21, 2020
      New York, New York

*Vernon Broderick*
Vernon S. Broderick
United States District Judge